UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A. S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00693-TWP-MG |
| | ) |
| ANTHEM INSURANCE COMPANIES, INC., | ) |
| NATIONSBENEFITS, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court are two motions in this putative class action concerning an alleged data breach. First is Plaintiff's Motion for Leave to Proceed Under a Pseudonym. [Filing No. 10.] Second is a Motion to Seal the Motion for Leave to Proceed Under a Pseudonym and the corresponding brief in support. [Filing No. 12.] Defendants have not responded to either motion to express their positions on the matters, the time for doing so having passed. *See* S.D. Ind. L.R. 10-1(d). Therefore, the motions are now ripe for the Court's consideration.

**I.**
**MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM [FILING NO. 10]**

Addressing the Motion for Leave to Proceed Under Pseudonym first, the Court observes that Plaintiff's motion does not comply with the Court's Local Rules which require a litigant seeking to proceed under a pseudonym to "at the time of filing of his or her initial pleading, … file a Notice of intention to seek leave to proceed under pseudonym and disclose the litigant's true name" with the notice being maintained under seal. S.D. Ind. L.R. 10-1(a). The plaintiff is also required to file, "[c]ontemporaneously with the Notice, … a motion to proceed under pseudonym, setting forth the justification under applicable law." S.D. Ind. L.R. 10-1(b). Despite these

requirements, Plaintiff filed a complaint on April 21, 2023 under "A.S." without contemporaneously filing the required sealed notice, nor the required motion. The notice was never filed, and instead, on April 30, 2023 Plaintiff filed the instant Motion, with A.S.'s true identity improperly revealed within the text of the (now sealed) Motion. [Filing No. 10 at 1.]

Setting aside the procedural missteps, Plaintiff's Motion asks to proceed semi-anonymously, using only his or her initials, "A.S." [Filing No. 10.] A.S. argues that proceeding under only initials is appropriate here because A.S. is an alleged victim of a healthcare data breach and is therefore concerned about "privacy and security should [A.S.'s] name be included in this action and made publicly available." [Filing No. 11 at 1.] A.S. contends that "[f]urther disclosure of [A.S.'s] name would permit the public, and perhaps additional criminals, to link [A.S.'s] name to the subject data breach and thereby link [A.S.] to the breach by name." [Filing No. 11 at 3.] Another reason to proceed semi-anonymously, says A.S., is because "the data breach involved [A.S.]'s current employer and [A.S.] desires to maintain … confidentiality as the Plaintiff in this matter on that basis as well." [Filing No. 11 at 2.] A.S. says Defendant "will suffer no undue prejudice" if the Court permits A.S. to proceed under initials. [*Id.*]

"The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal court." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). That is so because "judicial proceedings, civil as well as criminal, are to be conducted in public," and "[i]dentifying the parties to the proceeding is an important dimension of publicness" because "[t]he people have a right to know who is using their courts." *Id.* There are narrow exceptions to the presumption of public proceedings that permit the use of fictitious names, such as "to protect the privacy of children, rape victims, and other particularly vulnerable parties

or witnesses." *Id.* This Court has previously used a six-factor test to evaluate whether a plaintiff's interest in proceeding anonymously outweighs the strong public interest in open courts. The factors include:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Doe v. Individual Members of Indiana State Bd. of L. Examiners*, 2009 WL 2448468, at *1 (S.D. Ind. Aug. 8, 2009), *objections overruled*, 2010 WL 106580 (S.D. Ind. Jan. 4, 2010) (internal citation and quotation marks omitted).

As to the first factor, Plaintiff is not challenging government activity; rather, this lawsuit is about the actions of private entities. This factor weighs against Plaintiff's request.

Turning to the second factor, which asks whether the lawsuit involves disclosure of "information of the utmost intimacy," this case does not. This case does not concern A.S.'s medical treatments. It's a case about Defendants' alleged negligence in how it handles information. Furthermore, to the extent sensitive medical information becomes relevant, the Court can address such information via a proper motion under S.D. Ind. L.R. 5-11 or a protective order. *See Noe v. Carlos*, 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008) ("Though Noe's name would be listed on the court's docket, her medical records containing private information can be filed under seal, and disclosure of that information will not be required."). The Seventh Circuit has also made clear that "the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name." *Blue Cross.*, 112 F.3d at 872. The second factor also weighs against Plaintiff's Motion.

The third factor also weighs against Plaintiff. This case does not involve an intention by A.S. to engage in illegal conduct.

Plaintiff's brief largely focuses on the fourth factor—whether identifying Plaintiff will put him or her at risk of suffering injury. Plaintiff says publishing his or her name will increase prospects of experiencing identity theft from the alleged data breach. [Filing No. 11 at 3.] However, an individual's name is not sensitive data in and of itself, and Plaintiff does not explain how publication of Plaintiff's name would place Plaintiff's data at further risk. Plaintiff also contends that "a public display of [A.S.'s] name in association with the breach would put [A.S.] at risk of further emotional distress related to the breach and invasion of [A.S.'s] privacy." [Filing No. 11 at 3.] However, attention brought to oneself by virtue of filing the lawsuit is not a legitimate harm in and of itself. *See Noe*, 2008 WL 5070463, at *3. In sum, Plaintiff's Motion does not support a finding that requiring him or her to proceed under their actual name will subject Plaintiff to the kind of physical or mental injury that this Court and the Seventh Circuit have found may support a plaintiff proceeding anonymously.

Turning to the fifth factor—prejudice to the defendant—Plaintiff conclusively states that Defendants "would not suffer prejudice at all" because "[t]hey will not be foreclosed from undertaking discovery and taking [A.S.'s] deposition." [Filing No. 11 at 3.] Defendants have not opposed Plaintiff's Motion. The Court finds this factor weighs in favor of Plaintiff.

The sixth and final factor—open access to proceedings without denying litigants access to the justice system—weighs against Plaintiff's Motion. Plaintiff makes no argument that data-breach cases will not be pursued if Plaintiff is not allowed to proceed anonymously.

Because the relevant factors on balance weigh against Plaintiff, the Court will DENY Plaintiff's Motion for Leave to Proceed Under a Pseudonym [10]. Pursuant to S.D. Ind. L.R. 10-

1(e), Plaintiff will have 14 days after entry of this Order to re-file the Complaint using his or her true name.

## II.
### MOTION TO SEAL DOCKET ENTRIES 10 AND 11 [FILING NO. 12]

Plaintiff also filed a "Motion to Seal Docket Entries 10 and 11," [Filing No. 12], in which A.S. asks the Court to continue to maintain under seal the Motion for Leave to Proceed Under a Pseudonym, [Filing No. 10], and the corresponding brief in support, [Filing No. 11]. Plaintiff's Motion does not even attempt to satisfy the Court's requirements for sealing documents set forth in S.D. Ind. L.R. 5-11. The only argument Plaintiff advances is that the Court should seal these filings "to protect Plaintiff's filing until further order of the Court." [Filing No. 12 at 1.] Ostensibly, the reason Plaintiff seeks to seal these filings are because Plaintiff's true name is revealed in the Motion for Leave to Proceed Under a Pseudonym. [*See* Filing No. 10 at 1.] Of course, this would not have been an issue if Plaintiff had properly followed S.D. Ind. L.R. 10-1(a) and filed the required sealed Notice contemporaneously with the Complaint.

The Court will permit Plaintiff's name to be protected for now, while A.S. decides how to proceed in light of the above ruling on the Motion for Leave to Proceed Under Pseudonym. Pursuant to S.D. Ind. L.R. 5-11(d)(2)(A)(i), Plaintiff is to file a redacted version of the Motion, [Filing No. 10], with Plaintiff's name redacted. The brief in support, [Filing No. 11], does not contain Plaintiff's real name, and therefore will be unsealed.

## III.
### CONCLUSION

Plaintiff's Motion for Leave to Proceed Under a Pseudonym [10] is **DENIED**. Pursuant to S.D. Ind. L.R. 10-1(e), Plaintiff is **ORDERED** to re-file the Complaint using his or her true name within **14 days** of entry of this Order. Failure to do so will result in dismissal of this lawsuit.

Plaintiff's Motion Seal Docket Entries 10 and 11 [12] is **GRANTED IN PART AND DENIED IN PART** as follows:

- The Motion is **GRANTED** to the extent the Clerk is **DIRECTED** to maintain Filing No. 10 under seal. Plaintiff is further **ORDERED** to file a redacted version of Filing No. 10 within **21 days** of this Order.

- The Motion is **DENIED** to the extent the Clerk is **DIRECTED** to unseal Filing No. 11 within **21 days** of this Order.

Date: 6/7/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**